IDA B. GORDON v. STEHLI SILKS CORPORATION.

(Filed 19 November, 1919.)

**Employer and Employee—Master and Servant—Negligence—Safe Place to Work—Dangerous Appliances—Instructions—Contributory Negligence—Trials—Motions—Nonsuit.**

In an action by an employee in a silk factory to recover damages for a personal injury alleged to have been caused by the negligence of the defendant in leaving one of its motors, attached to a machine, uncovered, so as to expose its revolving cogs, in which the plaintiff's dress caught and inflicted the injury complained of, there was evidence tending to show that the plaintiff, in the performance of her duty, was required to go along the aisles separating the machines and around the motors at the end thereof; that she was not told that the cover had been removed by the defendant from this particular motor, and was unaware of it, and in going for a companion at supper time, as was her custom, the exposed cogs caught her dress and inflicted the injury without fault on her part. *Held*, sufficient to take the case to the jury on the issue of defendant's negligence in not furnishing her with a safe place to work, and defendant's motion to nonsuit was properly denied, as also a prayer for instruction that the plaintiff could not recover on the ground that she should have avoided the injury by keeping away from that particular motor.

APPEAL by defendant from *Lane, J.*, at March Term, 1919, of GUILFORD.

This action is to recover damages for personal injuries caused by the negligence of the defendant, who had taken the hood off of a certain cogwheel in the factory where the plaintiff worked, leaving it exposed so that the plaintiff had her dress caught in the cogs, sustaining injuries. Verdict and judgment for plaintiff; defendant appealed.

*John A. Barringer for plaintiff.*
*Justice & Broadhurst and King & Kimball for defendant.*

CLARK, C. J. The plaintiff had been working in the defendant's factory for some five years, and it was her duty to go from one machine to the other and take out the bad bobbins. There were 16 spinning frames all set in rows parallel to each other, but separated by aisles. There were little motors in the aisles at the end of each spinning frame around which the plaintiff went to get the defective work and bring it to the redrawing machine. The motors were geared to the spinning machines, the gearing being covered. The cover which fitted over the gearing of this particular motor had been taken off for repairs, and the cogs were left unprotected. When the plaintiff started to supper at 11:30 at night she went down the aisle to ask another girl to go with her, as was her custom, the wind, through an open window, blew her dress

as she was passing this unprotected cogwheel, and her dress was caught in the cogs and pulled off of her and she was drawn down so that the calf of her left leg was caught and seriously injured by the cogs. She testified that she did not know that the cover was off the motor.

Taking the evidence, as we must, in the light most favorable to the plaintiff, the motion to nonsuit was properly refused. It was the duty of the defendant to furnish a safe place for the plaintiff to work, and it was negligence to leave the cogwheel unprotected. It was not negligence barring recovery by the plaintiff for her to go the way she did, unless she had been warned of the uncovered cogwheel. The court properly refused the prayer to charge the jury that she could not recover because she might have avoided going near that particular motor with the open cogwheel.

An uncovered cogwheel is a danger, and it was negligence to leave it uncovered, even if temporarily, without notice. The jury, under proper instructions, have found that this negligence was the proximate cause of the injuries sustained by the plaintiff. *Hardy v. Lumber Co.,* 160 N. C., 113, and citations to that case in the Anno. Ed.

No error.